PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. REESE, | ) | |
| | ) | CASE NO.  5:20CV2385 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

An Administrative Law Judge ("ALJ") denied Plaintiff Christopher M. Reese's

applications for period of disability ("POD"), disability insurance benefits ("DIB"), and

supplemental security income ("SSI") after a hearing in the above-captioned case.  That decision

became the final determination of the Commissioner of Social Security when the Appeals

Council denied the request to review the ALJ's decision.  The claimant sought judicial review of

the Commissioner's decision.[2]  After both parties filed briefs, the magistrate judge submitted a

Report and Recommendation (ECF No. 23) reasoning that the Commissioner's decision that

Plaintiff is not disabled is supported by substantial evidence and was made pursuant to proper

legal standards.  The magistrate judge recommends the Commissioner's decision denying

---

[1]  Andrew M. Saul was the original Defendant.  He was sued in an official capacity as a
public officer.  On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social
Security.  Pursuant to Fed. R. Civ. P. 25(d), Kijakazi's name has been automatically substituted
as a party.

[2]  The Court referred the case to Magistrate Judge Kathleen B. Burke for preparation of a
report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1).  In October
2021, the case was reassigned from Magistrate Judge Burke (retired) to Magistrate Judge
Amanda M. Knapp pursuant to General Order 2021-15.

(5:20CV2385)

benefits be affirmed.  For the reasons given below, the undersigned agrees.

## I.

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b).  Objections to the Report and Recommendation must be specific, not general, to focus the court's attention upon contentious issues.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The primary issue then becomes "whether [the Commissioner's] decision is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).  The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently.  *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)).  Moreover, the decision must be affirmed even if substantial

(5:20CV2385)

evidence would also support the opposite conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).  This "standard allows considerable latitude to administrative decision makers.  It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Cabrera v. Comm'r of Soc. Sec.*, No. 1:20CV1947, 2022 WL 782607, at *2 (N.D. Ohio March 15, 2022).

## II.

The Court has reviewed the Report and Recommendation (ECF No. 23) *de novo*.  The Court has also considered Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 24) and Defendant's Response (ECF No. 25).

Plaintiff claims he was disabled due the following impairments:  knee injury, traumatic brain injury, post-traumatic stress disorder ("PTSD"), anxiety, depression, attention deficit

3

(5:20CV2385)

disorder, attention deficit hyperactivity disorder ("ADHD"), and bipolar disorder.  The magistrate

judge recommends that the Court affirm the final decision of the Commissioner denying

Plaintiffs' applications for POD, DIB, and SSI; and deny Plaintiff's request for a remand based

on the asserted constitutional challenge due to the conclusion that Reese does not have Article III

standing to proceed with his separation of powers constitutional claim.  *See* ECF No. 23 at

PageID #: 1537, 1544.

### III.

### A.

Plaintiff's first objection to the Report and Recommendation (ECF No. 23) is that the

2020 decision in the case at bar should not have relied on an unappealed final 2013 ALJ decision

because the ALJ who rendered the prior decision was not properly appointed under the

Appointments Clause.  In essence, Plaintiff  argues that "the current ALJ improperly relied on a

decision issued by [a prior] ALJ who had not been properly appointed."  ECF No. 24 at PageID

#: 1568.  Plaintiff intones that he is not challenging the constitutionality of the prior (2013)

decision, but rather he challenges the current (2020) decision, because it was based on

"determination[s] made by an [earlier (2013)] improperly appointed ALJ."  ECF No. 24 at

PageID #: 1568.  Just as the Report and Recommendation highlights, however, no legal authority

supports Plaintiff's attempt to raise a constitutional challenge to a prior – the final 2013

decision – that is not properly before the Court in the within appeal.  *See* ECF No. 23 at PageID

#: 1545-46.

4

(5:20CV2385)

**B.**

Next, Plaintiff renews his separation of powers claim.  Plaintiff argues that the Court should reverse the decision of the ALJ because the appointment of the Commissioner of the Social Security Administration violated the Constitution.  Specifically, Plaintiff contends that, because the statute appointing the Commissioner provides that the President may remove the Commissioner of the Social Security Administration only for neglect of duty or malfeasance in office, the appointment violates Article II of the Constitution and thus requires reversal of any decision made under the Commissioner's tenure.  According to Plaintiff, the decisions in this case by an ALJ and the Appeals Council Administrative Appeals Judges, who derive their authority from the former Commissioner, who was not constitutionally appointed, are constitutionally defective, requiring remand for a new administrative hearing based on the current record and not the 2013 determination.  Plaintiff argues in his Objections that Commissioner Saul had "no constitutionally valid authority to delegate" to the ALJ or members of the Appeals Council.  ECF No. 24 at PageID #: 1568.

Andrew M. Saul served as Social Security Commissioner from June 17, 2019, until July 9, 2021.  The ALJ issued the Commissioner's final decision in this case on March 20, 2020 during Saul's tenure. *See* ALJ Hearing Decision (ECF No. 16) at PageID #: 106-26.  Andrew M. Saul became Commissioner pursuant to 42 U.S.C. § 902(a).  Section 902(a)(3) provides, "An individual serving in the office of Commissioner may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office."  To obtain a rehearing on separation of powers grounds, Plaintiff must show that Section 902(a)(3)'s removal restriction somehow caused the denial of his claims.  Plaintiff cannot clear that hurdle, and thus his claim

5

(5:20CV2385)

that the 2020 decision of the ALJ is constitutionally defective fails whether he has standing or not.  *See Borger v. Kijakazi*, No. 1:20-cv-00331, 2021 WL 5023141, at *3 (W.D.N.C. Oct. 28, 2021) (no relief warranted when Plaintiff failed to show a "nexus between the unconstitutional removal restriction and the denial of his application for disability benefits").  For the reasons below, a new decision is not warranted in the instant case.

The head of the Federal Housing Finance Agency ("FHFA") labored under an unconstitutional removal provision that was similar to the one under which Saul labored.  *Collins v. Yellen*, 141 S. Ct. 1761 (2021).  But that did not create a "basis for concluding that any head of the FHFA lacked the authority to carry out the functions of the office" or that actions taken by the FHFA are void.  *Id.* at 1787-88.  Similarly, that the ALJ decided Plaintiff's disability claim while Saul labored under an unconstitutional removal provision does not mean that Saul lacked authority to carry out the functions of his office -- much less that it rendered the ALJ's decision void.  In other words, Plaintiff's constitutional challenge fails because he "has not described compensable harm due to the unconstitutional removal provision in § 902(a)(3) under which Saul served as Social Security Commissioner."  *Lynch. v. Comm'r of Soc. Sec.*, No. 1:21CV0556-JDG, 2022 WL 614777, at *17 (N.D. Ohio March 2, 2022); *see also Miley v. Comm'r of Soc. Sec.*, No. 1:20CV2550, 2021 WL 6064754, at *1 (N.D. Ohio Dec. 22, 2021) ("[plaintiff] lacks standing to contest the constitutionality of the ALJ's decision based on the president's removal authority");[3] *Bryan L. v. Comm'r of Soc. Sec.*, No. 2:21-cv-2835, 2022 WL 537577, at *6 (S.D. Ohio Feb. 23, 2022) (collecting authorities for the proposition that "courts

---

[3] Despite Plaintiff's counsel in *Miley* being the same as in the case at bar, no appeal was taken by *Miley* to the Court of Appeals.

6

(5:20CV2385)

across the country have uniformly concluded that the allegedly unconstitutional nature of

§ 902(a)(3) does not require remand" in Social Security disability cases).  The undersigned finds

the reasoning of the above cases persuasive and reaches the same result here.

**C.**

Finally, Plaintiff objects that the Report and Recommendation (ECF No. 23) "fails to

properly analyze why the ALJ's rationale was appropriate considering the Plaintiff's arguments

in his Brief and Reply Brief."  ECF No. 24 at PageID #: 1569.  "Plaintiff's reference to [his]

arguments 'in prior briefs' is not a proper objection to the R & R."  *Boyd v. Comm'r of Soc. Sec.,*

*No.  2:13-cv-00789, 2015 WL 3822690, at \*7 (S.D. Ohio June 19, 2015)*.  "[T]he failure to file

specific objections to a magistrate [judge]'s report constitutes a waiver of those objections."

*Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016) (quoting *Cowherd v. Million*, 380 F.3d 909,

912 (6th Cir. 2004)).  The Court finds that this Objection raises no arguments (factual or legal)

that have not been fully addressed by the magistrate judge's Report and Recommendation (ECF

No. 23).

**IV.**

Accordingly, Plaintiff's Objections (ECF No. 24) are overruled.  The Report and

Recommendation (ECF No. 23) is adopted.  The decision of the Commissioner of Social Security

is affirmed.  Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

___March 21, 2022___          ___/s/ Benita Y. Pearson_____
Date                          Benita Y. Pearson
                              United States District Judge

7